UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Robert W. Powers, )
 )
      Plaintiff, )
 )    Case: 1:16-cv-00685
v. )    Assigned To : Unassigned
 )    Assign. Date : 4/12/2016
United States Department of Justice *et al.*, )    Description: Pro Se Gen. Civil
 )
      Defendants. )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

Plaintiff is a resident of Brewster, Minnesota. In a sweeping narrative, plaintiff alleges that he and his son have been subjected to "criminal acts." Compl. at 1. He claims that former U.S. Attorney General Eric Holder and Congressman Darrell Issa failed to respond to his complaints over the years about such acts. Plaintiff sues the U.S. Department of Justice and the State of Minnesota. He demands $50 million in damages. Compl. at 3.

The complaint's allegations are far from clear. However, to the extent that plaintiff is seeking an investigation of wrongdoing, the United States Attorney General has absolute discretion in deciding whether to investigate claims for possible criminal or civil prosecution, and, as a general rule applicable here, such decisions are not subject to judicial review.

1

*Shoshone-Bannock Tribes v. Reno*, 56 F.3d 1476, 1480-81 (D.C. Cir. 1995); *see Wightman-Cervantes v. Mueller*, 750 F. Supp. 2d 76, 80 (D.D.C. 2010) ("[A]n agency's decision whether to prosecute, investigate, or enforce has been recognized as purely discretionary and not subject to judicial review.") (citing *Block v. SEC*, 50 F.3d 1078, 1081-82 (D.C. Cir. 1995) (other citation omitted)).

In addition, the Eleventh Amendment to the U.S. Constitution immunizes a state from suit in federal court, unless immunity is waived.[1] *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974) (citing *Hans v. Louisiana*, 134 U.S. 1 (1890) (other citations omitted)).  Plaintiff has cited no authority waiving the State of Minnesota's immunity, and the Court discerns no such waiver from the complaint's allegations.  Hence, this case will be dismissed.  A separate order accompanies this Memorandum Opinion.

Date: April  6 , 2016

United States District Judge

---

[1] The amendment provides in pertinent part: "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State." U.S. Const. amend. XI.